UNITED STATES of America, Appellee,

v.

Lawrence Arthur DAHL, Appellant.

No. 83–2137.

United States Court of Appeals,
Eighth Circuit.

Submitted April 9, 1984.

Decided May 15, 1984.

As Amended June 12, 1984.

Earl Gray, Woodbury, Minn., Paul Engh, Minneapolis, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Joseph T. Walbran, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

ROSS, Circuit Judge.

Lawrence Dahl was charged by a superseding indictment alleging six counts of various firearms violations and one conspiracy count. The evidence at trial related to Dahl's role in the transportation of certain firearms from Bloomington, Minnesota, to Millbrae, California, where they were allegedly used in the commission of a double homicide. Dahl did not deny that he drove to California; however, he denied any knowledge that he transported guns of any kind on that trip. The jury returned a verdict of guilty on all counts.

For the limited purpose of this appeal, the facts can be summarized as follows: James Johnson, a convicted felon, was a social friend of Dahl's as they had become acquainted in prison. Johnson also paid the rent on Dahl's apartment so he could store "business" items there. Johnson was in the business of buying and selling cocaine. On October 31, 1981, Johnson·and his wife Sondra, shot and killed a cocaine dealer. It appears that Dahl was present and observed the murder.

In December of 1981, Royal Kenneth Hayes, a prison acquaintance, called Johnson and told him that he needed some guns driven to California. Johnson and his wife were unable to make the trip, so Johnson asked Dahl to make the trip. Dahl denied taking anything out to Hayes in California. However, there was testimony at trial that Dahl delivered guns to Hayes. On Dahl's return to Minnesota, he delivered a box that Hayes had sent for the Johnsons. The box contained handguns.

On appeal, Dahl raises two issues. First, whether he was denied a fair trial by the

misconduct of the prosecutor. Second, whether there was sufficient evidence to support the jury verdict. For the following reasons, we affirm.

The major thrust of Dahl's contention that he was denied a fair trial revolves around the prosecutor's remarks during closing argument.[1] Dahl alleges that the prosecutor's closing argument exceeded the bounds of propriety and denied him a fair trial. The scenario giving rise to this claim is seen in the transcript as follows:

Jim Johnson wasn't in love with us. He said, "Maybe Sergeant Johnson put that line there." I said, "Come on." "Well, all right, it's my mark," he said. I mean, we put him where he is. Sergeant Johnson found the guns in his apartment. Agent Roggenbauer presented it, because it's a federal case. I was the prosecutor in that case. But he also said something interesting. I said, "What was the result of that, Mr. Johnson?" He said, "I made a deal in Washington County and now I am a stool pigeon." He's not happy. Three mean-looking guys came into the courtroom. One of them shifted over to this side and, you know, gosh, they weren't smiling at Jim Johnson. They were glaring at Jim Johnson. They were smiling at Mr. Dahl.

MR. GRAY: Your Honor, I would respectfully object to this part of the argument. It's totally not the evidence in the case. Counsel must argue the evidence presented from that witness stand.

THE COURT: Yes, that motion is well taken, that comment is well taken. There is no evidence whatsoever in this case about anybody in the back of the courtroom, where they sat, who they looked at, or where they moved. I want you to disregard those statements, put them out of your mind.

MR. WALBRAN: As to their presence, Your Honor, I asked the witness if

he recognized the three men and he said he did.

THE COURT: That may be, but the other comments that you made I think are not appropriate.

■ The government argues that such statements fairly presented the evidence and were not improper. We disagree. However, it appears that the prosecutor's comment was improper but not prejudicial. Even if a prosecutor's remarks in closing argument are deemed improper, such remarks are not so prejudicial as to require reversal where the trial court, on defense counsel's objection, reminded the jury that statements made in argument which were not supported by the evidence should be disregarded, and, there was overwhelming evidence of guilt. *United States v. Ostertag,* 619 F.2d 767, 771 (8th Cir.1980). In light of the court's instruction to the jury and the overwhelming evidence of guilt, we feel that the prosecutor's remarks, although improper, do not require a reversal.

■ Dahl's second contention is that the evidence was insufficient to show that he knew he was transporting firearms. It is well established that the conviction must be upheld if, taking the view most favorable to the verdict, there is substantial evidence to support it. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Upon review, the government is given the benefit of all reasonable inferences that may be logically drawn from the evidence. *United States v. Richmond,* 700 F.2d 1183, 1189 (8th Cir.1983). We find, under the above standards, that the evidence was sufficient to support the verdict.

For the foregoing reasons, the judgment of conviction is affirmed.

---

1. Dahl makes several other claims that he was denied a fair trial. We find these do not merit

further discussion.